22521

STATE FARM MUTUAL AUTOMOBILE INSURANCE, Respondent v. John W. LINDSAY, Chief Insurance Commissioner; the South Carolina Department of Insurance; and Irvin D. Parker, Consumer Advocate of South Carolina, Petitioners.

(342 S. E. (2d) 599)

Supreme Court

*Deputy Ins. Com'r L. Kennedy Boggs, Gen. Counsel Susanne K. Murphy*, both of *South Carolina Dept. of Ins.*, Columbia, *for petitioners Chief Ins. Com'r* and *South Carolina Dept. of Ins.*

*Consumer Advocate Steven W. Hamm, Asst. Consumer Advocate Raymon E. Lark, Jr.*, and *Staff Atty. Natalie J. Moore*, all of *South Carolina Dept. of Consumer Affairs for petitioner Consumer Advocate of South Carolina.*

*Stephen G. Morrison*, of *Nelson, Mullins, Grier & Scarborough*, Columbia, *for respondent.*

Heard March 11, 1986.

Decided April 7, 1986.

GREGORY, Justice:

Respondent State Farm petitioned for an 11.4% automobile insurance rate increase. The South Carolina Insurance Commissioner, Petitioner, denied the request. On appeal, the Circuit Court found the Commissioner had erred in not considering prospective losses of the South Carolina Reinsurance Facility and remanded the matter to the Commissioner. Petitioners appealed, and the Court of Appeals affirmed the Circuit Court's ruling. *State Farm Mutual Automobile Insurance Co. v. Lindsay*, 284 S. C. 472, 328 S. E. (2d) 80 (1984). This Court granted certiorari. We reverse the opinion of the Court of Appeals.

The sole issue presented is whether the Commissioner ■ must utilize prospective losses of the Reinsurance Facility in determining rates. We conclude he does not because the applicable statute does not authorize consideration of such losses.

The South Carolina Reinsurance Facility, established in 1974, is a nonprofit organization which enables automobile insurers to obtain reinsurance for high risk drivers which they normally would not insure. *See* S. C. Code Ann. § 38-37-710 to 790 (1976). Since its inception, the Facility has operated at a loss. These losses are apportioned among automobile insurers based upon their use of the Facility.

The Circuit Court and Court of Appeals relied on S. C. Code Ann. § 38-43-430(1) (1976). That section requires the Commission to consider "past and prospective loss experience" in establishing rates. This statute applies generally to all insurance rates. This reliance is misplaced.

In 1974, the General Assembly enacted Chapter 37 of Title 38, effecting "a complete reform of automobile insurance and insurance practices in South Carolina as the same pertain to individuals ..." S. C. Code Ann § 38-37-110 (1976). This chapter applies specifically to automobile insurance. Since it was enacted subsequent to Section 38-43-430(1) [enacted 1947], it is clear that Chapter 37 now exclusively controls individual automobile insurance.

S. C. Code Ann § 38-37-780 (1976) requires the Commissioner to consider "net gains and losses *incurred* by insurers as a result of participation" in the Facility in establishing rates. (Emphasis added.) Clearly, use of the word "incurred" mandates the conclusion that only past losses will be considered. Had the legislature desired to include prospective losses, they would have done so.

Accordingly, the opinion of the Court of Appeals is reversed. The order of the Commissioner is reinstated.

Reversed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.